ful representation *(People v Baldi, supra,* at 147; *People v Rivera, supra).* The right to the effective assistance of counsel includes the right to assistance by an attorney who is prepared on both the law and the facts *(People v Bennett,* 29 NY2d 462). "Whether counsel has adequately performed these functions is necessarily a question of degree, in which cumulative errors particularly on basic points essential to the defense, are often found to be determinative *(see, e.g., People v Bennett, supra; People v LaBree, supra* [34 NY2d 257])" *(People v Droz,* 39 NY2d 457, 462). The cumulative errors and omissions of counsel in this case reveal that the representation defendant received was neither adequate nor meaningful. *(Supra,* at 463.) Accordingly, a *Wade* hearing and new trial are ordered.

In light of the foregoing, we do not reach defendant's remaining contention. Concur—Ross, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.

■ E. JOSEPH FONTANELLA, Respondent, v DIANE FONTANELLA, Appellant.—

■ ROBERT BARDEY, Appellant, v HARLEY BROOKE-HITCHING, Respondent.—Order of the Supreme Court, New York County (Karla Moskowitz, J.), entered June 27, 1990, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, the motion denied, and the complaint reinstated, with costs.

The complaint, which arises out of a dispute between defendant and the board of directors of her cooperative over renovations made to her apartment, alleges that defendant published the following libelous remarks in a memorandum dated May 25, 1989 which was circulated among the tenants: (a) "Please note that I am the second shareholder sued for eviction by Barday *[sic]* in the name of (and with the money of) the co-op corporation. The other shareholder was also a single female who had also said NO to Barday *[sic]."* (b) "The unleashed revenge against me started: lies, mounting expenses, harassment, demands for money by Barday *[sic]".* Plaintiff, an attorney, contends that defendant maliciously intended to charge